UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
SERGIO PEREZ,

                          Plaintiff,

               v.                                    9:08-CV-1153
                                                        (GLS)
MICHAEL CROOK, Physician, Mt. McGregor
Correctional Facility,

                          Defendant.

-------------------------------------------------------------------------
APPEARANCES

SERGIO PEREZ
91-A-2272
Plaintiff *pro se*

GARY L. SHARPE, UNITED STATES DISTRICT JUDGE

## DECISION AND ORDER

### I.    BACKGROUND.

The Clerk has sent to the Court for review a *pro se* complaint filed by Sergio Perez,

together with an application to proceed *in forma pauperis.*  Dkt. Nos. 1, 2, and 3.  In his *pro se*

complaint, plaintiff alleges that the defendant mis-prescribed a medication for plaintiff.  Dkt.

No. 1.  As a result, plaintiff was rushed to a nearby hospital for treatment.  *Id.*  Plaintiff also

alleges that the defendant refused to prescribe new medication for plaintiff.  *Id.*  As a result of

defendant's actions, plaintiff has suffered "severe emotional distress and anxiety over his

condition" as well as "sleeplessness, anxiety and fear of imminent disability."  *Id.*

### II.    *IN FORMA PAUPERIS* STATUS.

Where a plaintiff seeks leave to proceed *in forma pauperis,* the Court must determine

whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying

the $350.00 filing fee in full.  The Court must also consider whether the causes of action stated in the complaint are, *inter alia,* frivolous or malicious; or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1).

## A.   Economic Need

Plaintiff has demonstrated economic need in his application to proceed *in forma pauperis*.  However, plaintiff did not submit a current Authorization Form reflecting his consent to pay the filing fee of $350.00.  *See* Dkt. No. 3.  Plaintiff is advised that, in any future action filed in this Court, a current authorization form must accompany his application to proceed *in forma pauperis*.  Accordingly, in light of plaintiff's omission, and the discussion set forth below, plaintiff's application to proceed *in forma pauperis* will be denied as incomplete without prejudice to renew.

## B.   Sufficiency of Complaint

Section 1915(e)(2)(B) of Title 28 of the United States Code, which governs proceedings *in forma pauperis*, directs, in pertinent part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is the court's responsibility to determine whether a plaintiff may properly maintain his complaint in this District before the court may permit a plaintiff to proceed with an action *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2).

Moreover, under 28 U.S.C. § 1915A, the Court must review any complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental

agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir.1999) (per curiam). An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory" - that is, when it "lacks an arguable basis in law ... or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998).

Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that plaintiff has paid statutory filing fee); *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (district court has power to dismiss a complaint *sua sponte* if the complaint is frivolous).[1]

This action is brought pursuant to 42 U.S.C. § 1983 which provides, in pertinent part:

---

[1] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State ... subjects, or causes to
> be subjected, any citizen of the United States ... to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured....

"Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere.*" Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993) (citing *City of Oklahoma v. Tuttle*, 471 U.S. 808 (1985)).  An essential element of a § 1983 claim is that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.1994) (citing *Parratt v. Taylor*, 451 U.S. 527, (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)); *see also Sykes*, 13 F.3d at 519 ("to prevail on a section 1983 claim, the plaintiff must show that the defendant's conduct deprived him of a federal right.").

To establish unconstitutional denial of medical care, the plaintiff must establish that the defendant acted with deliberate indifference to serious medical needs.  *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)(*citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  For prison officials, deliberate indifference requires more than negligence, but less than conduct taken for the specific purpose of causing harm.  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  The standard for deliberate indifference requires that the official know of and disregard an excessive risk to inmate health or safety.  *Id.* at 837.

It is well settled that mere disagreement with prison officials about what constitutes appropriate medical care does not state a cognizable claim under the Eighth Amendment.  *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992).  Prison officials have broad discretion in determining the nature and the character of medical treatment afforded to inmates.  *Id.*

(citations omitted).  Additionally, an inmate does not have the right to treatment of his choice. *Id*. at 45 (*citing Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986); *Jackson v. Fair*, 846 F.2d 811, 817-18 (1st Cir. 1988)).  Even allegations of malpractice do not raise issues of constitutional dimension.  *Id*. at 44 (*citing Estelle*, 429 U.S. at 106 & n.14; *Church v. Hegstrom*, 416 F.2d 449, 450-51 (2d Cir. 1969)).

Plaintiff does not state a claim that is actionable under § 1983.  At best, Plaintiff states a claim for negligence or medical malpractice, which does not rise to the level of a constitutional violation. *See Daniels*, 474 U.S. at 329-332 (negligence not actionable under § 1983); *Hemmy v. Fields et al.*, No. 95-CV-1202, slip op. at 3 (N.D.N.Y. Sept. 5, 1995) (Scullin, J.) (negligence is not actionable under § 1983) (citations omitted).  "Allegations of medical malpractice or negligent failure to provide treatment will not suffice to support an action under 42 U.S.C. § 1983."  *Sha v. Memorial Sloan-Kettering Cancer Center*, No. 99 Civ. 3233, 2000 WL 176883, at *2 (S.D.N.Y. Nov. 30, 2000) (citing *Owens v. Bellevue Hospital Center*, 101 F.3d 109 (2d Cir. 1996); *Ross v. Kelly*, 784 F. Supp. at 44 (*citing Estelle*, 429 U.S. at 106 & n. 14); *see* also *Church v. Hegstrom*, 416 F.2d 449, 450-51 (2d Cir. 1969)).  Section 1983 claims are "not to be used to duplicate state tort law at the federal level."  *Sha*, 2000 WL 176883, at *2 (citation omitted); *see also Obunugafor v. Borchert*, No. 01 CIV. 3125, 2001 WL 1255929, at *2 (S.D.N.Y. Oct. 19, 2001) (same).  Thus, while plaintiff's claims may be viable in State courts, they can not be brought in this Court pursuant to 42 U.S.C.§1983.

For the reasons stated above, the pleading, as presented to this Court, cannot be supported by an arguable basis in law and must therefore be dismissed pursuant to 28 U.S.C.

§ 1915(e) without opportunity to amend.[2]

WHEREFORE it is hereby

ORDERED that this action is dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim, and it is further

ORDERED that plaintiff's *in forma pauperis* application is denied as moot,[3] and it is further

ORDERED that the Clerk serve a copy of this Order and a current inmate authorization form on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

**It is hereby certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).**

**Dated: November 7, 2008**

Gary L. Sharpe
U.S. District Judge

---

[2] Although "the usual practice is to allow leave to replead a deficient complaint, *see* Fed. R. Civ. P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.")." *Price v. Hasly*, No. 04-CV-0090S, 2004 WL 1305744, *2 (W.D.N.Y. June 8, 2004).

[3]